UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: CR05-231-JCC |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| FRANK OFFLEY | ) | |
| Defendant. | ) | |

Offense charged:

    Violent Crime in Aid of Racketeering (Kidnaping)

Date of Detention Hearing:    June 16, 2005

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    Defendant is named in a twenty count indictment that has been brought against certain individuals, some of whom are alleged to be leaders and/or members of the Bandidos Outlaw Motorcycle Organization.

    (2)    The Indictment alleges that the Bandidos Outlaw Motorcycle Organization is a

criminal organization whose members and associates engaged in acts of violence, including kidnaping, assault, threats of violence, and extortion in the United States and throughout the world. The Bandidos is alleged to constitute a criminal enterprise as defined in Title 18 USC, Section 1959(b)(2), that is, an enterprise constituting an ongoing organization whose members function as a continuing unit for common purpose of achieving racketeering activity.

(3) Mr. Offley is said to have participated in an alleged incident in Great Falls, Montana in which he and other motorcycle gang members forcibly took an individual from his place of business to persuade him to cooperate with them. The defendant is alleged to have used his physical presence to intimidate the individual into complying.

(4) A loaded firearm was found during a search of defendant's residence. He reports that he does have a CCW permit.

(5) There was some difficulty in locating and verifying the defendant's residence. The AUSA proffers that when arrested, the defendant gave as his residence the address of a co-defendant. The defendant advises that he resides on a trailer at another location, and has done so since January 2005.

(6) The defendant poses a risk of nonappearance based on a somewhat transient living situation. He lives in a trailer on property owned by another individual. He does pose a danger to the community based on the nature of the current charges, the presence of a loaded firearm in his residence, and the alleged history of violence.

(7) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody

pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 16th day of June, 2005.

Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 3

15.13
Rev. 1/91